IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

STEVEN JAMES LITTLE,

      Plaintiff,

v.                                            Case No. 3:16-cv-08301

ERIC MUSIC, Correctional Officer at
Southwestern Regional Jail;
WESTERN REGIONAL JAIL;
WEST VIRGINIA REGIONAL JAIL AND
CORRECTIONAL FACILITY AUTHORITY;
PRIME CARE MEDICAL,

      Defendants.

**MEMORANDUM OPINION AND ORDER**

      Pending before the Court is Plaintiff's Application to Proceed Without Prepayment of Fees and Costs (ECF No. 1). In keeping with 28 U.S.C. § 1915(e)(2), the undersigned has conducted a preliminary review of Plaintiff's complaint to determine if the action is frivolous, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. Although *pro se* complaints, such as the one filed in this case, must be liberally construed to allow the development of potentially meritorious claims, the court may not rewrite the pleading to include claims that were never presented, *Parker v. Champion*, 148 F.3d 1219, 1222 (10th Cir. 1998), develop the plaintiff's legal theories for him, *Small v. Endicott,* 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court. *Beaudett v. City of Hampton,* 775 F.2d 1274, 1278 (4th Cir. 1985). At the same time, to achieve justice, the court may allow a *pro se* plaintiff the opportunity to amend his complaint in order to

1

correct deficiencies in the pleading. *Gordon v. Leeke,* 574 F.2d 1147, 1151 (4th Cir. 1978).

Plaintiff's complaint alleges the following:

1. On July 23, 2016, C. O. Eric Music, a correctional officer at the Southwestern Regional Jail, lifted Plaintiff off the ground and slammed him to the concrete. (ECF No. 3 at 4).

2. While his hands were handcuffed behind his back at the Putnam County courthouse, a bailiff punched him in the face, breaking his tooth and busting his lip. (*Id.*).

3. He was denied recreational time July 27, 2016 through August 11, 2016 and again August 12 through 15, 2016. (*Id.* at 5).

Plaintiff demands medical treatment and monetary compensation. (*Id.*).

Plaintiff has filed his complaint pursuant to 42 U.S.C. § 1983, which provides a remedy to parties who are deprived of federally protected civil rights by persons acting under color of any state "law, statute, ordinance, regulation, custom, or usage." In order to maintain a *prima facie* case under 42 U.S.C. § 1983, a plaintiff must show through factual allegations that he was (1) deprived of a right secured by the Constitution or laws of the United States, and that (2) the deprivation was committed by a person (the defendant) acting under color of state law. *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50, 119 S.Ct. 977, 143 L.Ed.2d 130 (1999); *Lytle v. Doyle*, 326 F.3d 463, 471 (4th Cir. 2003).

With respect to the first two incidents described in the complaint, Plaintiff apparently alleges that he was the victim of excessive force. According to the West Virginia Regional Jail and Correctional Facility Authority's inmate locator, at the time of the alleged incidents, Plaintiff was a pretrial detainee. Therefore, his claims of excessive force are analyzed under the Due Process Clause of the Fourteenth Amendment. *Bell v. Wolfish*, 441 U.S. 520, 537 n. 16, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979); *Slade v. Hampton Roads*

*Reg'l Jail*, 407 F.3d 243, 250 (4th Cir. 2005). The Due Process Clause of the Fourteenth Amendment proscribes "the use of excessive force that amounts to punishment." *Graham v. Connor*, 490 U.S. 386, 395 n.10, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989). "[N]o particular extent of physical injury is required to establish an excessive force claim under … the Fourteenth Amendment"; rather, the amount of physical force applied is what counts. *Sawyer v. Asbury*, 537 F. App'x 283, 290 (4th Cir. 2013) (citing *Wilkins v. Gaddy*, 559 U.S. 34, 39, 130 S.Ct. 1175, 175 L.Ed.2d 995 (2010)). The Supreme Court recently established that the amount of force inquiry for claims brought by pretrial detainees is an objective one—that is, a pretrial detainee may prevail on a claim of excessive force if he demonstrates "that the force purposely or knowingly used against him was objectively unreasonable." *Kingsley v. Hendrickson*, ___ U.S. ___, 135 S.Ct. 2466, 2473, 192 L.Ed.2d 416 (2015). The Court listed multiple factors for lower courts to consider under this objective analysis: "the relationship between the need for the use of force and the amount of force used; the extent of the plaintiff's injury; any effort made by the officer to temper or to limit the amount of force; the severity of the security problem at issue; the threat reasonably perceived by the officer; and whether the plaintiff was actively resisting." *Id.*

      Clearly, the circumstances surrounding the incident involving C. O. Music and the incident involving the bailiff are critical to stating a *prima facie* claim under § 1983. In the absence of supporting facts, the undersigned is unable to determine whether a constitutional violation may have occurred. Accordingly, Plaintiff is **ORDERED** to file an amended complaint setting forth a factual recitation of the events leading up to the confrontation with C. O. Music and with the bailiff, as well as a better description of the injuries Plaintiff claims to have suffered in the incident with C. O. Music.

2. Plaintiff has joined in one complaint his claim against C. O. Music and his claim against the bailiff at the Putnam County courthouse. However, there does not appear to be any relationship between the two incidents. Moreover, Plaintiff does not name the bailiff as a defendant in this action. In order to join separate claims against two defendants in one action, Plaintiff must show that (1) the court cannot accord complete relief unless the defendants/claims are joined; (2) failing to join the defendants/claims will impair or impede a person's ability to protect an interest relating to the subject matter of the action; (3) failing to join the defendants/claims may subject an existing party to a substantial risk of incurring double, multiple, or inconsistent obligations because of a person's interest relating to the subject matter of the action; or (4) a right to relief is asserted against the defendants jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences, and questions of law and fact common to both defendants will arise in the action. *See* Fed. R. Civ. P. 19 and 20. Plaintiff has not made any such showing. Consequently, if there is some connection between the two incidents that allows them to be joined in one complaint, Plaintiff is **ORDERED** to amend the complaint and set forth that connection. If such a situation exists, Plaintiff is also **ORDERED** to identify the bailiff and add him as a named defendant. A failure to do both shall result in a recommendation of dismissal of that claim.

3. Plaintiff fails to identify at which correctional facility he was housed when he was denied recreational time. Plaintiff is **ORDERED** to supplement his complaint to identify the facility and to add factual allegations regarding this claim.

4. Plaintiff has named the Western Regional Jail, the West Virginia Regional Jail and Correctional Facility, and Prime Care Medical as defendants. However, Plaintiff fails

to state factual allegations implicating any of these defendants. Plaintiff is **ORDERED** to amend the complaint to include specific factual statements setting forth his claims against these entities. A failure to do so shall result in a recommendation of dismissal of these defendants.

Therefore, in order for the undersigned to complete a preliminary review of the merits of the complaint and rule on the motion to proceed *in forma pauperis*, Plaintiff is **ORDERED** to amend his complaint within **forty-five (45) days** of the date of this Order and cure the various deficiencies in pleading as set forth above. **Plaintiff is hereby given notice** that a failure to amend the complaint as ordered may result in a recommendation that the complaint, or a portion of the complaint, be dismissed for failure to state a claim compensable at law.

**Plaintiff is also advised** of his obligation as a *pro se* plaintiff to promptly notify the Clerk of Court of any changes in his contact information. Plaintiff's Application to Proceed Without Prepayment of Fees and Costs (ECF No. 1) shall be held in abeyance pending initial review of Plaintiff's amended complaint or pending other further proceedings in this case.

The Clerk is instructed to provide a copy of this order to Plaintiff.

**ENTERED:** September 8, 2016

Cheryl A. Eifert
United States Magistrate Judge