# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF WEST VIRGINIA

## HUNTINGTON

**STEVEN JAMES LITTLE,**

    **Plaintiff,**

v.                                                           Case No. 3:16-cv-08301

**ERIC MUSICK[1], et al.,**

    **Defendants.**

## O R D E R

Pending before the court are the following motions: a Motion to Dismiss Amended Complaint filed by defendant PrimeCare Medical, Inc. (ECF No. 39); a Motion to Dismiss Amended Complaint filed by defendants Akers, Diamond, Martin, Racer, Williamson and the Western Regional Jail (ECF No. 41); a Motion for Leave to Amend Memorandum of Law in support of Motion to Dismiss filed by defendants Akers, Diamond, Martin, Racer, Williamson and the Western Regional Jail (ECF No. 45); a Motion to Dismiss Amended Complaint for Failure to Exhaust Administrative Remedies filed by defendant Musick (ECF No. 46); the plaintiff's Motion to Amend Amended Complaint (ECF No. 50); the plaintiff's Motion for Appointment as Expert (ECF No. 57) and the plaintiff's Motion for Issuance of Subpoenas (ECF No. 60).

---

[1] According to the motion documents filed by this defendant, his last name is spelled "Musick." Accordingly, the Clerk is directed to modify the docket sheet (both in the style of the case and the short citation at the top of the docket sheet) to reflect the correct spelling of this defendant's name. Similarly, the defendants' motion documents indicate that the proper spelling of the last name of the defendant listed as "C.O. Acres" is "Akers." Accordingly, the Clerk is further directed to modify the spelling of that defendant's name as well.

A motions hearing and status conference was held before the undersigned on Thursday, July 27, 2017. The plaintiff appeared by telephone from the Western Regional Jail. Laci B. Browning, of Anspach Meeks Ellenberger, counsel for all of the defendant correctional officers and the Western Regional Jail, and Anne Liles O'Hare, of Offutt Nord Burchett, counsel for defendant PrimeCare Medical, Inc., appeared in person.

A. **The plaintiff's Motion to Amend Amended Complaint.**

The court first addressed the plaintiff's Motion to Amend Amended Complaint (ECF No. 50). As stated on the record, the plaintiff seeks to amend his request for relief to include additional requests for monetary damages, and he does not seek to add any new defendants or claims. Because Rule 15 of the Federal Rules of Civil Procedure provides that leave shall be freely given when justice so requires, it is hereby **ORDERED** that the plaintiff's Motion to Amend Amended Complaint (ECF No. 50) is **GRANTED**. The parties were advised that no additional briefing or responsive pleadings are presently required due to this amendment.

B. **The Regional Jail defendants' Motion for Leave to File Amended Memorandum of Law in support of Motion to Dismiss.**

On November 16, 2016, defendants Akers, Diamond, Martin, Racer, Williamson and the Western Regional Jail filed a Motion for Leave to File an Amended Memorandum of Law in support of their Motion to Dismiss (ECF No. 45). These defendants wish to amend their Memorandum of Law to include an argument that the plaintiff failed to exhaust his administrative remedies concerning his claims against them. For the reasons stated on the record, the Motion for Leave to File Amended Memorandum of Law (ECF No. 45) is **GRANTED**. The court will rely upon the Amended Memorandum of Law

contained in ECF No. 45-1, rather than the initial Memorandum of Law filed by these defendants, which is docketed as ECF No. 42.

### C. The plaintiff's discovery motions.

On December 16, 2016, the plaintiff filed a Motion for Expert Testing (ECF No. 57), seeking the court to order an MRI of his spine. On March 3, 2017, and July 19, 2017, respectively, the plaintiff filed two Letter-Form Motions for Issuance of Subpoenas (ECF Nos. 60 and 63), seeking the production of various documents and video evidence. During the hearing, the court determined that these motions, which are in the nature of discovery, are premature in light of the pending Motions to Dismiss. Accordingly, it is hereby **ORDERED** that these motions are **DENIED WITHOUT PREJUDICE**. The plaintiff was advised that, if the Motions to Dismiss are denied, he may re-assert his requests for discovery of relevant information either in written discovery requests to any party or via subpoena at that time.[2]

### D. The defendants' Motions to Dismiss.

All of the defendants' Motions to Dismiss assert, *inter alia*, that the plaintiff has failed to properly exhaust the available and mandatory administrative remedy process concerning his claims for relief. The plaintiff attached two written grievances to his Amended Complaint (ECF No. 6 at 11-12), concerning an altercation with defendant Musick and alleged inadequate medical treatment thereafter. However, the copies of the grievances provided by the plaintiff do not contain any responses by any West Virginia Regional Jail & Correctional Facility Authority ("WVRJCFA") officials. Thus, the

---

[2] As will be discussed below, however, the undersigned is ordering the defendants to produce all grievances and responses thereto filed by the plaintiff in the time period between July 23, 2016, the date of the alleged incident with C.O. Musick, and August 29, 2016, when the plaintiff filed his initial Complaint for use in addressing the defendant's affirmative defenses of failure to exhaust administrative remedies.

undersigned inquired of defense counsel as to whether they had reviewed any and all grievances filed by the plaintiff in the time period between these incidents and when the plaintiff's initial Complaint was filed. Counsel for the WVRJCFA defendants indicated that she had requested, but not yet been provided, the plaintiff's inmate file, which would contain any such grievances. Counsel for PrimeCare indicated that her client would not have possession of any of the grievances, which would be in his inmate file.

The plaintiff asserted that he completed the two grievances filed with his Amended Complaint, as well as others to which he does not have access because they were filed electronically, and that he failed to receive any responses thereto. Because defense counsel has not obtained access to the plaintiff's inmate file and the subject grievances, there are unresolved issues concerning the defendants' exhaustion defense.

Accordingly, it is hereby **ORDERED** that, by **August 7, 2017** defense counsel shall obtain and **file copies of all grievances filed by the plaintiff between July 23, 2016 (when the alleged incident with defendant Musick occurred), and August 29, 2016 (when the plaintiff filed his initial Complaint), and any responses thereto**. It is further **ORDERED** that defense counsel shall serve copies of the same on the plaintiff and the undersigned. The defendants' Motions to Dismiss will be taken under advisement pending such production.

The Clerk is directed to mail a copy of this Order to the plaintiff and to transmit a copy to counsel of record.

ENTER: July 28, 2017

Dwane L. Tinsley
United States Magistrate Judge