# IN THE UNITED STATES DISTRICT COURT FOR
# THE SOUTHERN DISTRICT OF WEST VIRGINIA

# HUNTINGTON DIVISION

STEVEN JAMES LITTLE,

                Plaintiff,

v.                                               CIVIL ACTION NO. 3:16-8301

ERIC MUSICK, Correctional Officer,
WESTERN REGIONAL JAIL,
CORRECTIONAL OFFICER DAMRON,
CORRECTIONAL OFFICER WILLIAMSON,
CORPORAL DIAMOND,
CORRECTIONAL OFFICER ADKINS,
CORRECTIONAL OFFICER AKERS,
CORRECTIONAL OFFICER SPARKS,
CORRECTIONAL OFFICER WILLIAM RACER,
CORRECTIONAL OFFICER MARTIN,
CORRECTIONAL OFFICER PEDACRUE, and
PRIMECARE MEDICAL INC.,

                Defendants.

## MEMORANDUM OPINION AND ORDER

This action, brought pro se, was referred to a United States Magistrate Judge for proposed findings of fact and recommendation for disposition ("PF&R") pursuant to 28 U.S.C. § 636(b)(1)(B). Now pending before the Court are Defendants' Motions to Dismiss (ECF Nos. 39, 41, 46). By a PF&R entered August 10, 2017, the Magistrate Judge recommends that Defendants' Motions to Dismiss be granted and that Plaintiff's Amended Complaint (ECF No. 67) be dismissed (ECF No. 71). Plaintiff filed objections to the PF&R on August 16, 2017 (ECF No. 73). For the reasons set forth below, the Court rejects Plaintiff's objections, accepts the Magistrate Judge's proposed findings, and adopts the Magistrate Judge's recommendations.

## I. Background

Plaintiff filed an Amended Complaint with this Court on September 22, 2016 (ECF No. 6) and a Second Amended Complaint on July 28, 2017 (ECF No. 67). First, Plaintiff alleges that Defendant Eric Musick, a Correctional Officer at the Western Regional Jail, "lifted [Plaintiff] off the ground and slam[m]ed [Plaintiff] to the concrete" even though Plaintiff was not doing anything aggressive (ECF No. 6 at 7–9). As a result, Plaintiff claims that he was the victim of "unnecessary force" (ECF No. 6 at 9).

Second, Plaintiff alleges that he received inadequate medical attention from Defendant PrimeCare Medical, Inc. following the alleged incident with Officer Musick (ECF No. 6 at 11). He claims that he suffered injury to his back as a result of the altercation and that the injury persisted even after PrimeCare staff performed an X-ray of Plaintiff's back and found that no bones had been broken (ECF No. 6 at 3). His Amended Complaint states, "PrimeCare Medical has refused any further care that would include going to an actual hospital for [an] MRI" (ECF No. 6 at 9). Plaintiff asks the Court to grant him further medical testing and treatment to remedy this alleged wrong (ECF No. 67).

Finally, Plaintiff alleges that he was "wrongfully [denied] recreational time" from July 27, 2016 to August 15, 2016 (ECF No. 6 at 4). He asserts this claim against Defendants Western Regional Jail, Correctional Officer Williamson, Corporal Diamond, Correctional Officer Akers, Correctional Officer Racer, and Correctional Officer Martin ("the Regional Jail Defendants"). Plaintiff seeks relief for this alleged injury in the form of monetary compensation (ECF No. 67).

All Defendants filed motions to dismiss Plaintiff's claims. Officer Musick filed a Motion to Dismiss on November 16, 2016 in which he asserted that Plaintiff's claims against him should be dismissed for failure to exhaust administrative remedies (ECF No. 46).

PrimeCare filed a Motion to Dismiss on November 15, 2016 in which it alleged five grounds for dismissal: (1) Plaintiff failed to state a claim upon which relief can be granted; (2) Plaintiff failed to exhaust his administrative remedies; (3) Plaintiff failed to comply with the notice requirements of the Medical Professional Liability Act ("MPLA"); (4) PrimeCare is not a person subject to suit under 42 U.S.C. § 1983; and (5) Plaintiff's allegations do not meet the legal threshold for a viable Eighth Amendment claim (ECF No. 39).

The Regional Jail Defendants filed a motion to dismiss on November 15, 2016, asserting that: (1) Plaintiff's Section 1983 claim against Western Regional Jail should be dismissed because "a jail is not a 'person' for purposes of § 1983;" (2) each individual Regional Jail Defendant is protected by sovereign immunity and is therefore immune from Plaintiff's suit; (3) Plaintiff failed to state a claim upon which relief can be granted; and (4) Plaintiff's claims against Correctional Officers Williamson, Diamond, Akers, Racer, and Martin must be dismissed because these individual defendants are protected by qualified immunity (ECF No. 42). The Regional Jail Defendants filed an Amended Memorandum of Law in Support of their Motion to Dismiss on July 28, 2017 in which they added that Plaintiff's claims against them should be dismissed for failure to exhaust (ECF No. 68).

## II. Magistrate Judge's Proposed Findings and Recommendations

After consideration of the record, the Magistrate Judge proposes that the Court find that Plaintiff failed to exhaust the available administrative remedies for his claims against Officer Musick, PrimeCare, and the Regional Jail Defendants (ECF No. 71 at 8–9). Regarding Plaintiff's claims against PrimeCare, the Magistrate Judge further proposes that the Court find that Plaintiff failed to comply with the MPLA and that Plaintiff failed to assert a "plausible federal constitutional claim against PrimeCare" (ECF No. 71 at 12–16).

In consideration of Plaintiff's claims against the Regional Jail Defendants, the Magistrate Judge proposes that the Court find that Plaintiff's claims against the defendants in their official capacities are barred by sovereign immunity and that Plaintiff failed to state a "plausible claim for relief" against the Regional Jail Defendants (ECF No. 71 at 16–21). Pursuant to his proposed findings, the Magistrate Judge recommends that the Court grant the motions to dismiss filed by Officer Musick, PrimeCare, and the Regional Jail Defendants and dismiss this civil action (ECF No. 71 at 22).

### III. Plaintiff's Objections to PF&R

On August 16, 2017, Plaintiff raised eight objections to the present PF&R. First, Plaintiff objects to the Magistrate Judge's proposed finding that Plaintiff "fail[ed] to allege any serious injury or harm as a result of the alleged deprivation of outdoor recreation for a period of 17 days" (ECF No. 71 at 21) (ECF No. 73, Objection 1). Plaintiff asserts in his objection that he suffered from depression, panic attacks, and anxiety as a result of the deprivation of his outdoor time (ECF No. 73, Objection 1). Second, Plaintiff objects to the Magistrate Judge's proposed finding that Plaintiff failed to state a claim against PrimeCare upon which relief can be granted (ECF No. 73, Objection 2). Plaintiff also asserts in his objections that there is evidence that the Regional Jail Defendants are responsible for denying him recreation time (ECF No. 73, Objection 3).

Plaintiff next objects to the Magistrate Judge's proposed finding that Plaintiff failed to exhaust his administrative remedies (ECF No. 73, Objections 4 and 5). Plaintiff alleges that the administrative process was unavailable to him because prison administrators failed to respond to his complaints (ECF No. 73, Objection 4). Plaintiff further alleges that the grievance procedure's appeal process was not made clear to him and that he was consequently unaware of the procedure and unable to file appeals (ECF No. 73, Objection 5).

In his sixth and eighth objections, Plaintiff asks the Court to excuse the "technical" deficiencies of his case so as to prevent injustice from being done (ECF No. 73, Objections 6 and 8). Finally, Plaintiff objects to the PF&R because he was allegedly seriously injured as a result of the incidents alleged (ECF No. 73, Objection 7).

## IV. Standard of Review of PF&R

This Court conducts a de novo review of those portions of the Magistrate Judge's proposed findings and recommendations to which a party objects. 28 U.S.C. § 636(b)(1)(C) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate."). The Court, however, is not required to review the factual or legal conclusions of the Magistrate Judge to which no objections are made. *Thomas v. Arn*, 474 U.S. 140, 150 (1985).

## V. Discussion

### a. Plaintiff's Failure to Exhaust Administrative Remedies

Pursuant to the Prison Litigation Reform Act ("PLRA"), prisoners are required to exhaust "such administrative remedies as are available" before bringing their grievances regarding prison conditions to court. 42 U.S.C. § 1997e(a). "[T]he PLRA's exhaustion requirement is mandatory." *Anderson v. XYZ Correctional Health Services, Inc.*, 407 F.3d 674, 677 (4th Cir. 2005), *abrogated on other grounds by Custis v. Davis*, 851 F.3d 358, 363 (4th Cir. 2017). Additionally, according to the West Virginia Prison Litigation Reform Act ("WVPLRA"), "[a]n inmate may not bring a civil action regarding an ordinary administrative remedy until the procedures promulgated by the agency have been exhausted." W. VA. CODE § 25-1A-2(c) (2013).

### i. Exhaustion Requirement

As the present PF&R properly finds, "[t]he Western Regional Jail, where Plaintiff is incarcerated, is a facility operated by the West Virginia Regional Jail and Correctional Facility Authority ('WVRJCFA')" (ECF No. 71 at 5). As the Northern District of West Virginia has found, "it is undisputable . . . that the [WVRJCFA] makes available to its inmates a grievance procedure through which they may seek review of complaints related to the conditions of their confinement." *Chase v. Trent*, 2012 WL 5845361, at *4 (N.D.W. Va. Oct. 16, 2012). In that case, the Court found that the prescribed grievance process is as follows:

> Under this procedure, inmates must first submit a grievance to the Administrator of the facility in which they are confined. Upon receipt of the grievance, the Administrator may reject the grievance if it appears on its face to have been filed in bad faith, or if other administrative procedures exist that have not been utilized. If the grievance is rejected, the Administrator must advise the inmate of the rejection. If the grievance is not rejected, the Administrator may assign a staff member to investigate the complaint. Such staff is then required to submit a written report within forty-eight (48) hours. Within two days of receipt of the written report, the Administrator must provide a written decision which identifies the action taken, the reasons for the action, and the procedures that must be followed to properly appeal the decision. If the Administrator's response is unfavorable, the inmate may appeal to the Chief of Operation within five days of the receipt of the Administrator's decision. Upon receipt of an appeal, the Chief of Operations must immediately direct the Administrator to forward copies of all information relating to the inmate's grievance within two business days. The Chief of Operations may direct an investigation of the report be conducted and a written report be submitted within 15 days. Within 10 days of receiving all of the information related to the grievance, the Chief of Operations must provide a written decision which identifies the corrective action taken or the reasons for denying the grievance. If the Chief of Operations' response is unfavorable, the inmate may appeal to the Office of the Executive Director within five days of receipt of the Chief of Operations' response. To do so, the inmate must mail to the Executive Director, copies of the original complaint and all of the responses thereto. The Office of the Executive Director must respond to an inmate's appeal within 10 days of receiving all the information. Unless the inmate has been notified of an extension of time for a response, the inmate may move to the next stage of the grievance process if the inmate does not receive a response at the expiration of the time limit at any stage of the process. The grievance process must be concluded within 60 days, inclusive of any extensions.

*Id*. The Magistrate Judge notes in his proposed findings that, to properly exhaust his administrative

remedies, Plaintiff is required to complete all three steps of the prescribed grievance process detailed above before bringing his claims to federal court (ECF No. 71 at 6).

### ii. Exceptions to the Exhaustion Requirement

While the exhaustion requirement is mandatory, the Supreme Court has noted that there is a "built-in exception to the exhaustion requirement: A prisoner need not exhaust remedies if they are not 'available.'" *Ross v. Blake*, 136 S. Ct. 1850, 1855 (2016). Indeed, the Fourth Circuit has found administrative remedies unavailable where there are extenuating circumstances that impede a prisoner's access to the administrative process. *See, e.g., Hill v. Haynes*, 380 Fed.Appx. 268, 273 (4th Cir. 2010) (unpublished) (finding a genuine issue of material fact concerning the issue of exhaustion where prison employees failed to provide the prisoner with the forms necessary for him to file a grievance); *Hill v. O'Brien*, 387 Fed.Appx. 396, 401 (4th Cir. 2010) (unpublished) (finding a genuine issue of material fact as to whether remedies were available where a prison counselor refused to provide grievance forms, destroyed the prisoner's grievance forms, and required the prisoner to wait to file additional grievances until after he had received responses to already-filed forms).

### 1. Prison Administrator's Failure to Respond

In his fourth objection to the present PF&R, Plaintiff alleges that the administrative process was unavailable to him because the prison administrator did not respond to his grievances. The Court finds support in the record for Plaintiff's contention that he never received responses to several of the grievances he submitted to the prison administrator. On July 28, 2017, the Magistrate Judge ordered the Regional Jail Defendants to "obtain and file copies of all grievances filed by the plaintiff between July 23, 2016 and August 29, 2016." On August 7, 2017, the Regional Jail Defendants responded to that Order by submitting a copy of one written grievance and a response

thereto and a printout of Plaintiff's electronic requests to the prison in the specified timeframe. The copy of the grievance included in the defendants' response was dated August 11, 2016 and pertained to Plaintiff's claim against Officer Musick. This was the only written grievance the Regional Jail Defendants submitted, despite the fact that Plaintiff included at least one other relevant written grievance, dated September 8, 2016, in his Amended Complaint (ECF No. 6 at 12).

Plaintiff included two additional written grievances, dated September 30, 2016 and August 9, 2016, in a sur-reply filed August 14, 2017 (ECF No. 72 at 3–7). The defendants also failed to include these two written grievances in their August 7, 2017 response to the Court's Order. While the record indicates that Plaintiff filed these written grievances with the prison administrator, there is no evidence in the record that the administrator or anyone else ever responded to them. The Court therefore finds that prison officials failed to respond to several of Plaintiff's grievances in a timely manner. This finding does not, however, excuse Plaintiff from exhausting his administrative remedies.

In 2015, the Fifth Circuit considered the question of whether a prison administrator's failure to respond to a grievance will excuse the exhaustion requirement. *See Wilson v. Epps*, 776 F.3d 296, 301 (5th Cir. 2015). The Court held:

> Section 1997e's exhaustion requirement is satisfied only if the prisoner pursues the grievance remedy to conclusion. This requirement does not fall by the wayside in the event that the prison fails to respond to the prisoner's grievance at some preliminary step in the grievance process. Instead, the prison's failure to timely respond simply entitles the prisoner to move on to the next step in the process. Thus, it is only if the prison fails to respond at the *last* step of the grievance process that the prisoner becomes entitled to sue . . .

*Id*. (internal quotation marks and citations omitted). The courts of the Fourth Circuit also operate under the terms of this rule of exhaustion. *See French v. Warden*, 442 Fed.Appx. 845, 846 (4th Cir. 2011) (unpublished). In *French*, the Fourth Circuit considered the case of a prisoner who asked

the Court to excuse exhaustion because a prison administrator had not responded to his grievances. *Id*. In denying the prisoner's request, the Court noted that the proper procedure for prisoner grievances included a provision that instructed prisoners to "treat a failure to respond [to a grievance] . . . as a denial and file an appeal to the next level." *Id*. The Court found that, given these instructions and that the prisoner failed to file an appeal after he did not receive any response in the prescribed time period, the prisoner had not exhausted his administrative remedies. *Id.*

The WVRJCFA's grievance procedure includes the following language: "Unless the inmate has been notified of an extension of time for a response, the inmate may move to the next stage of the grievance process if the inmate does not receive a response at the expiration of the time limit at any stage of the process" (ECF No. 71 at 5). As such, Plaintiff was on notice that the prison administrator's failure to respond to his grievances gave him the right to move on to the next stage of the grievance process. While the Court finds ample support in the record that the prison administrator failed to respond to Plaintiff's grievances, the Court also finds that Plaintiff did not appeal any of his grievances after he did not receive responses. As such, the Court finds that Plaintiff has failed to exhaust his administrative remedies and rejects Plaintiff's fourth objection.

### 2. Knowledge of Appellate Procedure

In his fifth objection, Plaintiff complains that the grievance procedure does not properly articulate the appellate process and that he was not made aware of the steps he needed to take to accomplish exhaustion of his administrative remedies (ECF No. 73). The Court rejects this objection. As previously discussed, the three-step grievance procedure is made available to prisoners at the Western Regional Jail, where Plaintiff is currently incarcerated, and the appellate process is included in the recitation of that grievance procedure.

### 3. Interest of Justice

In his sixth and eighth objections, Plaintiff asks the Court to look past the "technical" deficiencies in his case to prevent a "cover up" and to prevent injustice (ECF No. 73). Plaintiff essentially asks the Court to excuse his failure to exhaust administrative remedies in the interest of justice (ECF No. 73). The Court declines to do so.

As the Supreme Court has noted, pursuant to Section 1997e(a), "[a]ll available remedies must now be exhausted; those remedies need not meet federal standards, nor must they be plain, speedy, and effective." *Porter v. Nussle*, 534 U.S. 516, 525 (2002) (internal quotation marks omitted). "[T]he PLRA's text suggests no limits on an inmate's obligation to exhaust – irrespective of any special circumstances." *Ross v. Blake*, 136 S. Ct. 1850, 1856 (2016) (internal quotation marks omitted). Accordingly, "a court may not excuse a failure to exhaust, even to take [special circumstances] into account." *Id*. No exception can or will be made for the perceived injustice Plaintiff alleges he is suffering as a result of the federal and state statutory exhaustion requirements. As a result, Plaintiff's sixth and eighth objections are rejected.

### b. Plaintiff's Failure to State a Claim Against PrimeCare

Plaintiff further objects to the Magistrate Judge's finding that Plaintiff failed to state a claim against PrimeCare upon which relief can be granted (ECF No. 73, Objection 2). In his objection, Plaintiff reasserts that he is seeking money damages and an order for further medical treatment in his case (ECF No. 73, Objection 2). He again alleges in his seventh objection that he was denied medical treatment after his injury (ECF No. 73, Objection 7).

In order to state a cognizable claim and therefore survive a motion to dismiss, Plaintiff is required to allege "deliberate indifference to a serious medical need" (ECF No. 71 at 15). Plaintiff concedes that PrimeCare did treat Plaintiff after his injury by taking X-rays (ECF No. 6 at 9).

Plaintiff also concedes that those tests came back negative, but nevertheless claims that he is entitled to further medical care (ECF No. 6 at 9). As the Magistrate Judge correctly stated in the present PF&R, "a constitutional violation does not occur unless the medical provider's action were 'so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness'" (ECF No. 71 at 15 (quoting *Miltier v. Beorn*, 896 F.2d 843, 851 (4th Cir. 1990)).

As Plaintiff admits, PrimeCare employees attended to Plaintiff promptly after his injury and took X-rays to ensure there were no broken bones (ECF No. 6). A failure to order an MRI at Plaintiff's request does not rise to the level of gross incompetence as required for this claim to survive. As such, the Court rejects Plaintiff's objections two and seven.

### c. Plaintiff's Failure to State a Claim Against the Regional Jail Defendants

Finally, Plaintiff asserts in his objections that there is evidence that the Regional Jail Defendants are responsible for denying him recreation time and that those defendants would be willing to testify (ECF No. 73, Objection 3). Plaintiff also objects to the Magistrate Judge's findings that Plaintiff failed to allege specific injury as a result of the alleged deprivation of outdoor recreation time (ECF No. 73, Objection 1).

First, though there may be sufficient evidence in the record to support a finding that the named defendants were the actors responsible for denying Plaintiff his outdoor recreation time, the availability of that evidence is immaterial. The Court finds that Plaintiff has not stated a claim against the Regional Jail Defendants upon which relief can be granted. Even if Plaintiff can produce evidence to prove the claims he has asserted in his complaints, no claim asserted in those complaints entitles Plaintiff to any kind of relief. Supportive evidence regarding Plaintiff's asserted claims is therefore irrelevant. As such, the Court denies Plaintiff's third objection.

The Court also finds Plaintiff's first objection without merit. Plaintiff alleges in his objection that he suffered from depression, panic attacks, and anxiety as a result of the deprivation of his outdoor recreation time (ECF No. 73, Objection 1). This allegation, however, was not raised in Plaintiff's Complaint (ECF No. 3), Amended Complaint (ECF No. 6), or Second Amended Complaint (ECF No. 67). Plaintiff only alleged that he had been deprived of recreational time (ECF No. 67). Plaintiff did not allege any specific and serious injury as a result of the deprivation of his outdoor recreational time. Accordingly, the Court accepts the Magistrate Judge's finding that Plaintiff failed to state a claim against the Regional Jail Defendants upon which relief can be granted and rejects Plaintiff's first objection.

## VI. Conclusion

For the reasons set forth above, the Court **REJECTS** in part and **ADOPTS** in part the Magistrate Judge's findings and recommendations. Accordingly, the Court **GRANTS** Eric Musick's Motion to Dismiss (ECF No. 46), **GRANTS** PrimeCare Medical, Inc.'s Motion to Dismiss (ECF No. 39), and **GRANTS** the Regional Jail Defendants' Motion to Dismiss (ECF No. 41). The Court **DISMISSES** this civil action without prejudice.

The Court **DIRECTS** the Clerk to send a copy of this written Opinion and Order to counsel of record and any unrepresented parties.

ENTER: September 29, 2017

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE